The opinion of the court was delivered by
Marr, J.
Lastie Broussard, in his capacity as administrator of the succession of LeBlane, claiming to be a judgment creditor of the succession of Frangois Feray, and that the sum of $283 75, or thereabouts, in principal, interest and costs, remained unpaid, prayed that the testamentary executrix, Mrs. Yirginia Stokes, widow of Feray, be ordered to give bond as the law requires in such cases. The petition was sworn to; and the judge ordered the executrix to give bond and security “ as prayed for, and as directed by law, in such cases, within thirty days from the date of service,” etc.
Lastie Broussard was clerk of the court; and he issued the notice commanding the executrix to give " the bond and security required by aw within thirty days, * * * in the sum of $353 68, to secure the *728 claim of the petitioner, Lastie Broussard, administrator, * * * which amounts to about $283 75.” This notice, with copy of the petition, affidavit and order of the judge, was served on the executrix in person. More than thirty days after the date of this service Leon Feray presented a petition to the judge, alleging the failure of the executrix to give the security as required, and praying to be appointed dative testamentary executor. The executrix opposed this application on the ground that she had not been removed, and that she could be removed only by a direct proceeding for that purpose, or by an appeal from and reversal of the judgment admitting the will to probate. The judge dismissed her opposition; and she appealed.
The clerk had no authority to fix the amount of the bond to be given by the executrix. It was the business of the judge to make the order requiring security to be given; and it was the duty of the clerk to issue a copy to be served. The amount mentioned in the notice was not in excess of the requirement of the law; but the duties of clerks of courts are purely ministerial, and they cannot supply actual or supposed omissions in j udicial orders. The clerk should have been specially careful to confine himself to his official duty in this case, because he was the petitioning creditor.
The law fixes the amount of the security to be given in such cases at one fourth above the amount of the debt claimed; and the judge had no more authority-to fix the amount than he would have had to fix the amount of a bond for a suspensive appeal from a money judgment.
The right of the creditor to demand security in such cases is absolute; and the law makes it the imperative duty of the judge to order the security to be given within thirty days after service of the order.- The only notice required is the service of a copy of the'order of the judge; and the failure of the testamentary executor to comply with it works, ipso facto, his immediate removal, and requires the judge to appoint a dative executor. R. O. 0., art. 1677.
It was the duty of the executrix, within thirty days after service, to have given or offered to give bond and security for an amount exceeding by one fourth the amount due on the judgment against her testator. The petition of Broussard states the amount with sufficient certainty; and it gives the number of the case, on the docket of the parish court, in which the judgment was rendered, so that the precise amount could have been ascertained without inconvenience or delay; and the fixing of the amount of the bond would have been a matter of the simplest calculation. The failure of the executrix to give the security left no discretion to the judge. Her removal, the vacation of her office, took effect immediately, by mere operation of law; and the parish judge was compelled to appoint a dative executor. He had no power, and we have *729 none, to relieve appellant of the consequences of her neglect to observe ■the requirement of the law; and her opposition was properly dismissed.
The Code of Practice, articles 1017, 1018, requires suits for the removal of tutors, curators, executors, and other administrators of successions, to be commenced by petition and citation, and to be conducted in the usual form. These articles control, and are to be observed where-ever it is necessary to bring suit for the removal of any one of the administrators mentioned. But in this case there was no proceeding to remove the executrix, nor was any necessary. The creditor availed himself of the legal right to demand security for his debt. The executrix failed to give the security as required by law and by the order of court; and her removal was the immediate legal consequence, by the terms of the B. O. C., art. 1677.
The judgment appealed from is affirmed with costs.